[Cite as *Dotson v. Bledsoe*, 2016-Ohio-4598.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| BRYAN M. DOTSON, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-T-0120** |
| REGGIE BLEDSOE, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Niles Municipal Court, Case No. 15 CVI 00666.

Judgment: Affirmed.

*Benjamin Joltin,* Benjamin Joltin, L.L.C., 106 South Broad Street, Canfield, OH 44406-8063 (For Plaintiff-Appellant).

*John C. Pfau,* Pfau, Pfau & Marando, 3722 Starr's Centre Drive, P.O. Box 9070, Youngstown, OH 44513 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Bryan M. Dotson, appeals from the judgment of the Niles Municipal Court, after a trial to the bench, ruling in favor of appellee, Reggie Bledsoe. We affirm.

{¶2} On September 18, 2015, appellant filed a small claims complaint in the Niles Municipal Court, naming appellee the sole defendant. Appellant alleged "Defendant was hired to transport a motor vehicle that Plaintiff purchased from Michigan to [appellant] in Niles, OH. Defendant did not properly load and/or transport the motor

vehicle which caused damage." The matter proceeded to trial after which the trial court entered judgment in appellee's favor. The court's judgment entry provided:

{¶3} "The Court finds for the Defendant and dismisses the case at Plaintiff's cost for the following reasons: 1. The Plaintiff contracted with Turning Point Transport LLC, not the Defendant. 2. The only evidence supporting Plaintiff's claims suggest that the seller of the vehicle was responsible for damages caused. 3. Plaintiff's exclamation of his claimed damages was vague and unsupported."

{¶4} Appellant filed a timely appeal, but failed to file a transcript of the proceedings. For his sole assignment of error, he asserts:

{¶5} "Whether the trial court erred in dismissing appellant's small claims complaint for suing appellee individually rather than his corporation, Turning Point Transport, LLC and whether appellee was the individual responsible for the damages alleged."

{¶6} Appellant's assignment of error argues the trial court erred in dismissing the case for failing to name appellee's company, Turning Point Transport, LLC, as a party defendant because, appellee, as the sole shareholder, was the alter ego of his company. In effect, appellant contends the trial court, given the evidence, should have permitted him to pierce the corporate veil, regardless of his failure to file a supplemental complaint.

{¶7} Appellant's entire argument relies upon facts and evidence purportedly received by the trial court during trial. Appellant, however, failed to include a transcript of the proceedings or a suitable substitute. App.R. 9 requires that the party challenging the trial court's decision prove the alleged error through references to the record. *Knapp*

2

*v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Where a transcript is necessary for resolving errors assigned on appeal, the appealing party is obligated to provide that transcript. *Id. See also Buckley v. Ollila*, 11th Dist. Trumbull No. 98-T-0177, 2000 Ohio App. LEXIS 787, *2 (Mar. 3, 2000).

{¶8} Appellant's arguments are premised upon his rendition of the events that precipitated the filing of the underlying complaint. A trial transcript is accordingly necessary for this court to assess his arguments. Because there was no transcript of the hearing or some other acceptable alternative as set out in App.R. 9(C) or App.R. 9(D), appellant cannot demonstrate the claimed error. Accordingly, this court must presume the regularity of the trial court proceedings as well as the validity of its judgment. *See, e.g., Lambert v. Lambert*, 11th Dist. Portage No. 2004-P-0057, 2005-Ohio-2259, ¶18.

{¶9} Appellant's assignment of error lacks merit.

{¶10} For the reasons discussed in this opinion, the judgment of the Niles Municipal Court is affirmed.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

3